**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

MORGAN T. ZURN
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

July 26, 2024

Ryan D. Stottmann, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street, 16th Floor
Wilmington, DE  19801

Henry E. Gallagher, Jr., Esquire
Connolly Gallagher LLP
1201 North Market Street, 20th Floor
Wilmington, DE  19801

RE:  *Pinnacle Fertility Hldgs., LP, et al. v. John Kumar Jain & Jain MD Hldgs., Inc.,*
Civil Action No. 2023-1280-MTZ

Dear Counsel:

I write to address the defendants' motion to dismiss or stay this action in favor of arbitration. Fortunately for me, you have all agreed to two truisms: a party must agree to give up her access to this forum in favor of arbitration, and, it follows, a party must be bound by an arbitration provision in order for it to be enforced against her. Your disagreement begins with whether the plaintiffs are bound by an arbitration provision under a theory of equitable estoppel because they purportedly received a direct benefit under the agreement containing the arbitration provision. If they are not bound, the motion would be denied. If they are bound, this Court would turn and run the gauntlet of questions framing arbitrability.

The agreement at issue, a physician employment agreement (the "PEA"), is governed by California law.[1] Section 5.1 of the PEA states:

---

[1] Docket item ("D.I.") 9, Ex. A § 7.10 [hereinafter "PEA"].

> Physician and Employer agree that, except as provided herein, any and all controversies, claims, or disputes with anyone (including Employer, its affiliates and any of its and their employees, officers, directors, stockholders or benefit plans) arising out of, relating to, or resulting from this Agreement, Physician's services to Employer, or the termination of Physician's employment with Employer ("Covered Claims"), will be subject to binding individual arbitration under the then-current Employment Arbitration Rules and Procedures set forth by JAMS arbitration and mediation services for the resolution of employment disputes (the "Rules"), and pursuant to the Federal Arbitration Act.[2]

"Physician" is defined as defendant John Kumar Jain, and "Employer" is defined as John Kumar Jain, MD Holdings, Inc.[3] The plaintiffs in this action are neither of those. Finally, and relatedly, Section 7.13 states "Nothing in this Agreement shall be construed to give any person other than the express parties to this Agreement any benefits, rights, or remedies."[4]

By the plain meaning of Section 7.13, the parties to the PEA intended not to benefit any third parties, and confirmed nobody, including the plaintiffs, is a third-party beneficiary.[5]

---

[2] *Id.* § 5.1.

[3] *Id.* at preamble.

[4] *Id*. § 7.13.

[5] *See Ambulnz Health, LLC v. Summers*, 2022 WL 711356, at *5 (Cal. Ct. App. Mar. 10, 2022); *People ex rel. ILWU-PMA Welfare Plan v. David Edward Rivera, D.C.*, 2020 WL 64096, at *5–6 (Cal. Ct. App. Jan. 7, 2020). Though these cases and others cited herein are unpublished and therefore carry no precedential value in the California state system, I can and do consider them as a possible reflection of California law. *Talley v. Gen. Motors, LLC*, 2022 WL 958467, at *2 (D. Del. Mar. 30, 2022) (citing *Daniel v. Ford. Motor Co.*, 806 F.3d 1217, 1223 n.3 (9th Cir. 2015)). No party has identified a case with precedential value that informs this issue, much less one that is inconsistent with the nonprecedential cases cited herein.

Whether the plaintiffs are bound under principles of equitable estoppel is a closer call.[6] "A nonsignatory is estopped from refusing to comply with an arbitration clause when it receives a direct benefit from a contract containing an arbitration clause."[7] The benefit must be direct and "under the contract," not indirect or remote.[8] Merely enjoying the fruits of a contract between signatories is not enough to justify the application of equitable estoppel.[9]

At least in the context of a nonsignatory plaintiff, I read California law to require that the benefit be in the form of a claim enforcing the agreement containing the arbitration provision. "[E]quitable estoppel applies only if [the] plaintiff's claims . . . are dependent upon, or inextricably bound up with, the obligations imposed by the contract . . . ."[10] "[E]ven if a plaintiff's claims touch matters relating to the arbitration agreement, the claims are not arbitrable unless the plaintiff relies on the agreement to establish its cause of action."[11] The California courts have explained:

---

[6] *See Ambulnz Health*, 2022 WL 711356, at *5–6 (considering equitable estoppel separately from a provision declaring an intent not to benefit any third parties).

[7] *Id.* at *6 (cleaned up).

[8] *Id.*

[9] *Id.*

[10] *ILWU-PMA Welfare Plan*, 2020 WL 64096, at *3–4 (first and second alteration in original) (internal quotation marks omitted) (quoting *JSM Tuscany, LLC v. Superior Ct.*, 193 Cal. App. 4th 1222, 1239 (Cal. Ct. App. 2011)); *accord Jensen v. U-Haul Co. of Cal.*, 226 Cal. Rptr. 3d 797, 806–07 (Cal. Ct. App. 2017) (noting where a nonsignatory plaintiff's asserted claims are "fully viable without reference to the terms" of the agreement, the basis for equitable estoppel is "completely absent" (internal quotation marks omitted) (quoting *Goldman v. KPMG, LLP*, 173 Cal. App. 4th 209, 230 (Cal. Ct. App. 2009))).

[11] *Jensen*, 226 Cal. Rptr. 3d at 806 (cleaned up); *see Kothari v. Desai*, 2022 WL 1419594, at *10–11 (Cal. Ct. App. May 5, 2022) (cleaving a factual overlap argument from an estoppel argument and instead considering it under the goal of avoiding inconsistent results).

The purpose of the doctrine of equitable estoppel is to prevent a party from using the terms or obligations of an agreement as the basis for his claims while at the same time refusing to arbitrate under another clause of the same agreement. Thus, when a plaintiff brings a claim which relies on contract terms against a defendant, the plaintiff may be equitably estopped from repudiating the arbitration clause contained in that agreement.

Merely making reference to an agreement with an arbitration clause is not enough. Even if the allegations of a complaint touch matters relating to such an agreement, that is not sufficient under state or federal law to support application of the equitable estoppel doctrine to a non-signatory plaintiff. Equitable estoppel applies when the signatory to a written agreement containing an arbitration clause must rely on the terms of the written agreement in asserting its claims against the nonsignatory. Where plaintiff's claims are fully viable without reference to the terms of the agreement, the basis for equitable estoppel is completely absent.[12]

The plaintiffs did not sue on the PEA; they sued on a separate purchase agreement. The defendants argue the plaintiffs extracted a direct benefit from the agreement by causing Employer to terminate Physician under that agreement; the conduct underlying the plaintiffs' claims may be the same conduct that inspired Physician's termination under the PEA; and the PEA itself may have benefitted the plaintiffs as they invested in the subject medical practice. Because the plaintiffs have not sued on the PEA, I do not believe those other ties comprise a direct benefit

---

[12] *ILWU-PMA Welfare Plan*, 2020 WL 64096, at \*4 (cleaned up); *see also Ambulnz Health*, 2022 WL 711356, at \*6 (concluding a nonsignatory was not equitably stopped where he "did not seek to enforce the agreement . . . or claim any rights under the agreement"); *Kothari*, 2022 WL 1419594, at \*10 (noting there may be "unique circumstances" in which a court would apply equitable estoppel to bind a nonsignatory to an arbitration provision and concluding the doctrine did not apply where all the plaintiff did not receive a personal benefit from the agreement and where his causes of action were based on violations of other agreements).

under California law such that equity requires binding the nonsignatory plaintiffs to the PEA's arbitration provision.

In briefing, the defendants also contend the plaintiffs are bound by the arbitration provision because they are among the "affiliates" named in Section 5.1. That undefined word is used to define the scope of arbitrable disputes, not persons bound by the provision.[13]

And so, this letter ends where it began, with the conclusion that California's doctrine of equitable estoppel does not bind the nonsignatory plaintiffs to the PEA's arbitration provision. The defendants' motion to dismiss is **DENIED**. The parties shall confer and submit a stipulated scheduling order.

Sincerely,

*/s/ Morgan T. Zurn*

Vice Chancellor

MTZ/ms

cc: All Counsel of Record, via *File & ServeXpress*

---

[13] *Ambulnz Health*, 2022 WL 711356, at \*5; *Lap-ping Chen v. BMW of N. Am. LLC*, 2021 WL 3604691 (N.D. Cal. Aug. 31, 2021).